Jeffrey Avery (Cal Bar No. 286873)
Michael Patrick Doyle (*Pro Hac Vice* pending)
**DOYLE DENNIS LLP**
3401 Allen Pkwy, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax: 713.571.1148
Service@doylelawfirm.com

Scott Humphrey
HUMPHREY + LAW
2632 Wilshire Blvd. No. 560
Santa Monica, CA 90403
P: 310.890.5326
F: 877.208.4138
scott@humphreylaw.co
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| FREDDIE RIVAS,<br><br>     *Plaintiff*,<br><br>v.<br><br>OSG SHIP MANAGEMENT, INC.,<br><br>     *Defendant*. | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Freddie Rivas, files this Complaint against OSG Ship Management, Inc. and would respectfully show the following:

## PARTIES

Freddie Rivas ("Mr. Rivas") is a resident and citizen of the State of Texas.

Defendant, OSG Ship Management, Inc. ("OSG"), upon information and belief, is a Florida corporation with a principal place of business in Florida. OSG conducts business in

the Northern District of California, and employs individuals like Mr. Rivas in the Northern District of California.  Service of process may be effected on OSG by service to its registered agent, **Corporation Service Company** at its address, **1201 Hays Street, Tallahassee, Florida 32301-2525**.

### VENUE & JURISDICTION

Diversity jurisdiction herein is conferred by 28 U.S.C. §1332.  Plaintiff is a citizen of Texas. OSG is a citizen of Florida (incorporation and Principal Place of Business). The amount in controversy exceeds $75,000. In addition, jurisdiction is proper under the Jones Act, 46 U.S.C. § 30104, the general maritime law, and pursuant to the "saving to suitors" clause, 28 U.S.C. § 1333.

Venue is properly laid in the Federal District Court for the Northern District of California, Oakland Division, as a substantial part of the events or omissions giving rise to the cause of action herein occurred in Contra Costa County or in the San Francisco Bay. Defendants also maintains representatives and conduct business in Contra Costa County.

### FACTUAL BACKGROUND

This case is brought under the Jones Act, 46 U.S.C. § 688, *et seq.*, and the general maritime law of the United States of America. This suit is necessary to collect a legal debt and damages due and owing Mr. Rivas due to the negligence of Mr. Rivas's Jones Act employer, OSG Ship Management, Inc., and the negligence and unseaworthiness of OSG's vessel known as the Overseas Boston, and its crew, directly contributing to serious injuries to Mr. Rivas on or about October 25, 2022 ("the Incident in Question").

More specifically, on or about that date, Mr. Rivas was working aboard the Overseas Boston after it embarked on a trip transporting cargo from Richmond, California to Cherry

Pointe, Washington. The Overseas Boston was carrying/transporting hazardous chemicals, which needed to be ventilated. Mr. Rivas and his crewmates were exposed to these chemicals without forewarning from the Captain, managers, or crew of Defendant, and Mr. Rivas and his crewmates were not given proper personal protective equipment ("PPE") or a properly ventilated work environment. Mr. Rivas attempted to escape the toxic fumes by returning to his living quarters only to realize the toxic fumes were coming in due to an A/C unit that was circulating fumes into it. Because of this, Mr. Rivas was contaminated with dangerous chemicals which led to him receiving a complete loss of smell and fluid buildup in his lungs. Still today, Mr. Rivas does not have a sense of smell and has sustained permanent damage to his nose.

In addition, on said voyage, Mr. Rivas worked in excess of 14 hours on several occasions. Mr. Rivas was required to work these hours without appropriate breaks and an inadequate crew in size and training, which created unsafe work conditions. Furthermore, OSG, by and through its managers and crewmembers, were responsible for providing nonskid surfacing, including by spray/applying proper nonskid in order to prevent workers from slipping and falling on the Overseas Boston. OSG failed to do so. Because of the foregoing conditions, including prior contamination, overworking/improper crewing, and improperly maintained walkways, Mr. Rivas slipped and fell on the bow of the Overseas Boston. As a result, Mr. Rivas has suffered severe injuries to his back, torso, and body, due to the direct negligence of OSG and its crew.

As a tankerman, Mr. Rivas was employed by OSG and regularly assigned to work in its fleet of vessels of owned and chartered vessels engaged in vessel operations. On information and belief, OSG was the operator and owner *pro hac vice* of the Overseas

Boston and was responsible for its dangerous and unseaworthy conditions, which was a legal cause of Mr. Rivas's injuries. The dangerous and defective condition of the vessel violated applicable laws and regulations of the United States of America for vessels, and accordingly OSG is liable for negligence, negligence per se, and in strict liability.

At the time of his injuries, Mr. Rivas was a Jones Act seaman more or less permanently assigned to the Overseas Boston and/or fleet of vessels of his employer, OSG, and his work contributed to the ultimate mission of the Overseas Boston in OSG's fleet. Mr. Rivas would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Mr. Rivas was injured was proximately caused by the negligence, as that term is understood in law, on the part of OSG.

## ▪ FIRST CAUSE OF ACTION—JONES ACT NEGLIGENCE ▪

OSG Services Inc., by and through its employees and officers, was negligent in creating the dangerous conditions that proximately resulted in Mr. Rivas' injuries and in failing to provide adequate crew and equipment, failing to supervise and train the crew, and in other respects. Under the circumstances presented by OSG's violation of law, OSG is also liable for negligence per se.

## ▪ SECOND CAUSE OF ACTION—UNSEAWORTHINESS ▪

The Overseas Boston was a vessel for which OSG owed Mr. Rivas a duty of seaworthiness as a seaman. OSG breached that duty because the Overseas Boston was not reasonably fit for its intended purposes, was dangerous, not reasonably safe, and unseaworthy. This unseaworthiness included OSG's failure to provide adequate crew and equipment, failing to supervise and train the crew, and in other respects. The unseaworthiness of the Overseas

Boston was a factual and legal cause of Mr. Rivas' damages, as alleged above.

## ■ **DAMAGES** ■

As a direct and proximate result of OSG's conduct, Mr. Rivas sustained bodily injuries to his knee, shoulder, back, and torso. Because of the nature and severity of the injuries sustained, Mr. Rivas has suffered physical pain and mental anguish, and of reasonable probability will continue to suffer physical pain and mental anguish in the future as he recovers. Mr. Rivas continues to receive medical treatment for his shoulder and back with little improvement, and injuries and lost earnings have contributed to his mental anguish. At the time of the incident in question, Mr. Rivas was a healthy, able-bodied workingman who sustained and will continue to suffer as a result of the incident physical impairment and disfigurement.

Because of the nature and severity of the injuries he has sustained, Mr. Rivas has required medical treatment, including knee surgery and shoulder surgery, and in reasonable probability will require other and additional medical treatment or procedures in the future. Since the time of his surgeries, Mr. Rivas attended physical therapy, and Plaintiff will rely upon his physicians to determine the specific future treatments that are necessary to continue to address his injuries. Charges for such medical treatment that have been made in the past and those which of reasonable probability will be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

Mr. Rivas is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Mr. Rivas here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the

1    laws of the State of California and the United States of America.

2                          **PRAYER FOR RELIEF**

3      Plaintiff respectfully prays that the court enter judgment entered against Defendant

4
5    and for an award of damages as follows:

6      a.  For compensatory damages for physical pain and suffering, mental and

7    emotional distress, physical impairment and disfigurement, past and future loss of earning

8    capacity, past and future medical costs/bills, and all other general damages alleged and

9
10   proved at the time of trial;

11     b.  Recovery of expert witness fees;

12     c.  Recovery of attorney fees;

13     d.  Taxable costs incurred herein;

14
15     e.  Pre- and post-judgment interest; and

16     f.  For all such other and further relief, at law or in equity, to which Mr. Rivas

17   may be entitled.

18     Dated this 15th day of January, 2024.

19
20         Respectfully submitted,

21         **DOYLE DENNIS LLP**

22

23

24         _____

25         Jeffrey Avery (Cal Bar No. 286873)
26         Michael Patrick Doyle (*Pro Hac Vice* pending)
27         **DOYLE DENNIS LLP**

28

3401 Allen Pkwy, Suite 100
Houston, Texas 77019
Phone:  713.571.1146
Fax:  713.571.1148
Service@doylelawfirm.com

Scott Humphrey
HUMPHREY + LAW
2632 Wilshire Blvd. No. 560
Santa Monica, CA 90403
P: 310.890.5326
F: 877.208.4138
scott@humphreylaw.co
*Attorneys for Plaintiffs*

## JURY DEMAND

*Plaintiff Freddie Rivas hereby demand a trial by jury, a right enshrined in the Constitution of the United States of America and of the State of California and preserved by the sacrifices of many.*

_____

**Jeffrey Avery**